MICHAEL JOSEPH AIELLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aiello v. Commissioner
Docket No. 16811-93
United States Tax Court
T.C. Memo 1995-40; 1995 Tax Ct. Memo LEXIS 53; 69 T.C.M. (CCH) 1765; January 30, 1995, Filed *53 Decision will be entered under Rule 155. Michael Joseph Aiello, pro se. For respondent: David Sorenson. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 4,698 in petitioner's Federal income tax for 1991 and additions to tax for that year in the amount of $ 804 under section 6651(a) for failure to file a timely Federal income tax return and in the amount of $ 51 under section 6654 for failure to make estimated tax payments. The issues for decision with respect to petitioner's 1991 Federal income tax are: (1) Whether petitioner is liable generally for Federal income taxes on wages, tips, and interest that he received in 1991; (2) whether petitioner received taxable tip income *54 in 1991 in the amount determined by respondent; (3) whether petitioner is liable for the addition to tax under section 6651(a) for failure to file his return timely; and (4) whether petitioner is liable for the addition to tax under section 6654(a) for failure to make estimated tax payments. Some of the facts have been stipulated and are so found. Petitioner resided in Las Vegas, Nevada, when his petition was filed. During 1991, petitioner was employed as a craps dealer on the swing shift at Bally's Grand Resorts (Bally's) in Las Vegas, Nevada. Petitioner was paid for 1,871 hours of work at Bally's during 1991. [2] During 1991, petitioner received wages from Bally's in the amount of $ 8,588 and tips (tokes) from the patrons of Bally's for his services as a craps dealer. The tokes received by the craps dealers on each swing shift were pooled and divided up evenly among all of the craps dealers who worked that shift. Petitioner reported receipt of $ 5,000 in tokes to Bally's during 1991. In addition, petitioner received $ 84 in interest during 1991. *55 Petitioner did not file a 1991 Federal income tax return. Based upon information contained on a Form W-2 submitted to respondent by Bally's, respondent determined that in 1991 petitioner received taxable wage income in the amount of $ 13,588 ($ 8,588 in wages from Bally's and $ 5,000 in tokes). Respondent also determined that in 1991 petitioner received additional taxable tokes in the amount of $ 18,107 and taxable interest in the amount of $ 84. Pursuant to section 6211, respondent determined the deficiency for 1991 without taking prepayment credits into account. The parties stipulated that if petitioner is liable for Federal income tax on his wages, tips, and interest, he is entitled to the following Schedule A itemized deductions in lieu of the standard deduction allowed in the notice of deficiency: (1) A home mortgage interest deduction in the amount of $ 5,958.12; (2) a property tax deduction in the amount of $ 371.54; and (3) a hazard insurance deduction in the amount of $ 516. Respondent's determinations as to petitioner's tax liability are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). *56 It is undisputed that petitioner received wages, tips, and interest during 1991. However, petitioner contends that he is not liable for Federal income taxes on his receipt of that income. Petitioner contends that it is unconstitutional to tax a citizen of the United States on income derived from his labor. He argues that working for wages is a right secured by the U.S. Constitution and that the Constitution forbids the taxation of that right. The Federal income tax is imposed on the money petitioner receives for his services, not on the performance of those services. Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983). Petitioner's contention has no merit. Petitioner also contends that no Federal statute imposes a tax on the income of citizens or residents of the United States that is derived from sources within the United States. Instead, petitioner asserts that Federal income taxes are excise taxes imposed only on the privilege of nonresident aliens and foreign corporations to receive income from sources within the United States. Petitioner's argument is unclear. Apparently, petitioner believes that the only sources of income for purposes *57 of section 61 are listed in section 861, that income from sources within the United States is taxed only to nonresident aliens and foreign corporations pursuant to sections 871, 881, and 882, and that section 1461 is the only section of the Internal Revenue Code that makes anyone liable for the taxes imposed by sections 1 and 11. Section 61(a) defines gross income generally as "all income from whatever source derived," including, but not limited to, compensation for services and interest. Sec. 61(a)(1), (4). Section 63 defines and explains the computation of "taxable income". Section 1 imposes an income tax on the taxable income of every individual who is a citizen or resident of the United States. Sec. 1.1-1(a)(1), Income Tax Regs.; see Habersham-Bey v. Commissioner, 78 T.C. 304, 309 (1982). Under section 61(a)(1) and (4), petitioner clearly is required to include his wages, tokes, and interest in gross income. It is well established that compensation for services, in whatever form received, is includable in gross income. Commissioner v. Duberstein, 363 U.S. 278 (1960). The Court of Appeals for the Ninth Circuit, *58 to which any appeal in this case will lie, has stated, "Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable." United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981). It is also well established that tokes constitute compensation for services rendered and are includable in gross income under section 61. Catalano v. Commissioner, 81 T.C. 8, 13 (1983), affd. without published opinion sub nom. Knoll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984). Petitioner is liable for Federal income taxes on the wages, tokes, and interest he received during 1991. Respondent determined that in 1991 petitioner received taxable interest in the amount of $ 84 and taxable income from his employment as a craps dealer at Bally's in the amount of $ 31,695, consisting of $ 8,588 in wages and $ 23,107 in tokes. Petitioner concedes that he received interest in the amount of $ 84 and wages in the amount of $ 8,588 during 1991. Petitioner must include this income in *59 his 1991 gross income pursuant to section 61(a). Respondent determined that petitioner received $ 23,107 in tokes during 1991. Petitioner contends that he received only $ 20,212 in tokes during 1991. Taxpayers are required to maintain sufficient records to establish their correct tax liability. Sec. 6001. When taxpayers fail to keep records or to keep adequate records of income, respondent may calculate the taxpayers' income in any manner that clearly reflects the income. Sec. 446; Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965). Respondent's method of reconstructing a taxpayer's income need only be reasonable in light of all the surrounding circumstances. Schroeder v. Commissioner, 40 T.C. 30, 33 (1963). Because petitioner did not keep contemporaneous records of the tokes he received during 1991, respondent reconstructed petitioner's toke income. Using Bally's records of daily toke splits for the swing shifts for 1992, respondent computed average hourly toke rates for 1992 of $ 13.50 for blackjack dealers, $ 11.75 for craps dealers on the day and grave shifts, and $ 11.38 for the craps dealers on the swing *60 shifts. Respondent estimated the number of hours that petitioner worked during 1991 by dividing his salary by an hourly rate of $ 5 per hour and arrived at 1,711.6 hours. [3] Respondent then multiplied the estimated number of hours that petitioner worked by the highest 1992 hourly toke rate to arrive at estimated toke income for petitioner in the amount of $ 23,107 (1,711.6 hours times $ 13.50). In her notice of deficiency, respondent determined that petitioner realized $ 23,107 in toke income during 1991, $ 5,000 of which was reported and $ 18,107 of which was not reported. On brief, petitioner stated that he received $ 20,212 of toke income for 1991. He contends that his estimate of his 1991 toke income should be used by this Court. Petitioner estimated his 1991 toke income solely by relying upon a rental application that he completed on December 3, 1991. In that rental application, *61 petitioner reported that he received a monthly salary of $ 2,400. Petitioner calculated his estimated 1991 toke income by multiplying $ 2,400 times 12 to arrive at an annual salary of $ 28,800. Petitioner then deducted his 1991 salary from Bally's, $ 8,588, from that amount to arrive total toke income in the amount of $ 20,212 for 1991. We do not accept petitioner's calculation of his 1991 toke income because he offered no evidence to support the statement on the rental agreement. Petitioner contends that respondent's method of calculating his 1991 toke income was arbitrary, unreasonable, and without foundation because (1) respondent used records from 1992 to determine an average hourly toke rate for 1991, (2) toke rates vary from day and day, (3) respondent failed to prove the toke rates for the days petitioner actually worked, and (4) respondent failed to show that the daily toke records are accurate. Utilizing a determinable rate for a given year, and applying it to a prior year where there is no evidence to establish the rate in that prior year, is an acceptable and reasonable method of reconstructing income. Tomburello v. Commissioner, T.C. Memo. 1991-482, *62 affd. without opinion 988 F.2d 122 (9th Cir. 1993). In addition, the record indicates that petitioner's hourly toke rate for 1990 is approximately the same as the toke rate for craps dealers on the swing shifts for 1991 as computed from Bally's records. Petitioner worked as a craps dealer on the swing shift at Bally's during 1990. He filed a 1990 Federal income tax return in which he reported wages from Bally's in the amount of $ 7,618.15 and toke income in the amount of $ 19,000. Petitioner's average hourly salary during 1991 was approximately $ 4.59 ($ 8,588 divided by 1,871 hours). During 1990, petitioner received a salary from Bally's in the amount of $ 7,618.15. By applying petitioner's average hourly salary for 1991 to 1990, we calculate that petitioner worked approximately 1,660 hours during 1990 ($ 7,618.15 divided by $ 4.59 average hourly rate). He reported tokes in the amount of $ 19,000 for 1990, or approximately $ 11.45 per hour. Figures supplied by Bally's indicate that the average hourly toke rate for craps dealers on the swing shift in 1992 was $ 11.38 per hour. As the rates for 1992 and 1990 are reasonably consistent, we hold that *63 application of an hourly rate of $ 11.38 for 1991 is reasonable. In this case respondent has used a reasonable method of calculating the amount of petitioner's toke income for the year in issue. We adjust the computation, however, by reducing petitioner's unreported toke income from $ 18,107 to $ 16,292 to conform to the toke rate for craps dealers on the swing shift and the actual number of hours worked by petitioner in 1991 ($ 11.38 hourly tip rate multiplied by 1,871 hours less $ 5,000 in reported tips). Petitioner has otherwise failed to satisfy his burden of proving error in respondent's determination of his tip income for 1991. Respondent determined that petitioner is liable for the addition to tax under section 6651(a). Section 6651(a)(1) imposes an addition to tax for failure to file a required return timely unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect. Reasonable cause for the failure to file a return timely exists if the taxpayer exercised ordinary business care and prudence but, nevertheless, was unable to file the return within the time prescribed by law. Niedringhaus v. Commissioner, 99 T.C. 202, 220-221 (1992); *64 sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means "a conscious, intentional failure or reckless indifference." Boyle v. United States, 469 U.S. 241, 245 (1985). The burden of proof is on petitioner. Rule 142(a). Petitioner did not file a 1991 Federal income tax return. Petitioner offered no plausible explanation for his failure to file. We therefore hold that petitioner is liable for the addition to tax under section 6651(a)(1) for 1991. Respondent determined that petitioner was liable for the addition to tax under section 6654 for failure to pay estimated income tax for 1991. Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition to tax under section 6654 is automatic, unless petitioner shows that one of the statutory exceptions applies. Niedringhaus v. Commissioner, supra at 222; Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner bears the burden to show qualification for *65 such exception. Habersham-Bey v. Commissioner, 78 T.C. at 319-320. Petitioner has not sustained this burden. He is liable for the addition to tax under section 6654. To reflect the foregoing and recognizing that petitioner shall receive the benefit of any prepayment credits, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise stated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Of this 1,871 hours, petitioner was physically present at Bally's for at least 1,775 hours. Records provided by Bally's indicate that petitioner was reimbursed for 1,775 hours during which he was physically present at Bally's and 16 hours for holiday and sick pay. The additional 80 hours are labeled as VACH, but not explained. Petitioner was reimbursed at an hourly rate of $ 4.375 for those 80 hours.↩
3. Respondent erroneously used a salary of $ 8,558, instead of $ 8,588, to estimate the number of hours that petitioner worked during 1991.↩