In re Willie E. CARLISLE, Debtor.

Willie E. Carlisle, Appellant,

v.

U.S. Department of Justice, Appellee.

Bankruptcy No. 1–03–06897.

Civ. No: 1:CV–04–1498.

United States District Court,
M.D. Pennsylvania.

Dec. 15, 2004.

Willie E. Carlisle, Jonestown, PA, pro se.

Ivan C. Dale, Washington, DC, D. Brian Simpson, U.S. Attorney's Office, Anne K. Fiorenza, Office of the United States Trustee, U.S. Attorney's Office, Harrisburg, PA, Charles J. Dehart, III, Hummelstown, PA, for Appellee.

## MEMORANDUM

CALDWELL, District Judge.

We are considering the appeal of the pro se debtor-appellant, Willie E. Carlisle, from the following bankruptcy court orders: (1) the order dismissing the adversary proceeding (May 11, 2004); (2) the order sustaining the Internal Revenue Service's (IRS) objection to his bankruptcy plan (May 11, 2004); (3) the order overruling his objections to the IRS' Proof of Claim (May 11, 2004); (4) the order denying his motion to reconsider the May 11, 2004, order to dismiss (May 26, 2004); (5) and the order denying his motion to amend the bankruptcy court's findings (May 26, 2004).

### I. *Background*

On November 20, 2003, the Appellant filed for bankruptcy under Chapter 13 of the Bankruptcy Code. He listed the IRS as a disputed creditor. The Appellant disputed a notice of levy served on his employer by the IRS on October 27, 2003 and the federal tax lien upon which it was based. The lien is for an assessment of tax liability for 1996.

The IRS filed a Proof of Claim in the bankruptcy proceedings including a $12,487.61 secured claim based on the tax lien and $45,844.66 in priority and general unsecured claims for taxes the Appellant failed to file from 1997–2002. The Appellant filed objections to the Proof of Claim raising various issues involving the legality of the assessment.

As required by the bankruptcy procedures, Appellant filed a bankruptcy plan to pay his debts. The plan proposed to pay $8979.34 of the secured claims and $4866.80 of the general unsecured claims. The IRS objected to a confirmation of the plan as it did not address all of their claims against the Appellant.

In addition to his objections to the Proof of Claim, Carlisle filed an adversary complaint to challenge the validity of the tax lien and the Proof of Claim. In his complaint, he named four IRS agents in their individual capacities and claimed that they had violated his constitutional rights in assessing his tax liability. The government moved to dismiss the complaint for failure to sue the proper parties, insufficiency of the summons, and failure to state a claim.

The bankruptcy judge held a hearing on May 11, 2004, to determine whether the complaint should be dismissed. At that

time, the bankruptcy judge issued an oral opinion dismissing the adversary case for failure to sue the proper parties and for failure to state a claim. She also sustained the IRS' objection to the confirmation of Appellant bankruptcy plan and overruled the Appellant's objection to the Proof of Claim. On May 17, 2004, she filed a supplemental written opinion to her dismissal of the adversary case. The Appellant filed a motion to reconsider the dismissal and a motion to amend the bankruptcy judge's findings. On May 26, 2004, the bankruptcy judge dismissed both motions. This appeal followed.

## II. *Discussion*

*May 11, 2004, order dismissing the adversary case*

Having reviewed the Appellant's brief, we conclude that he has raised two challenges to the order dismissing the adversary case for failure to state a claim. First, he argues that the bankruptcy judge erred in not considering the failure of the IRS to follow the law in assessing his tax liability. Second, he contends that he did not argue in his complaint that the Proof of Claim was deficient for failing to be authenticated under Rule 901 of the Federal Rules of Evidence.

■ We find no error in the bankruptcy judge's order. Bankruptcy court is not the proper venue for the Appellant to challenge the method used by the IRS in assessing his tax liability. That challenge should have been brought in Tax Court. 26 U.S.C. § 6213(a). Carlisle could have challenged the accuracy of the amount claimed by the IRS but he did not do so. Additionally, while the Appellant has cited numerous code sections in support of his position, he offers no factual assertions to demonstrate how the IRS failed to follow the law. Finally, a review of Carlisle's complaint in the adversary case reveals

that he did challenge the sufficiency of the Proof of Claim for failing to be authenticated under Rule 901.

■ We also find that the bankruptcy judge did not err in dismissing the adversary case for failure to sue the proper parties.[1] We agree that the Appellant did not bring a claim against the IRS as an agency. The only defendants listed in the complaint are agents of the IRS in their individual capacities. "[A] Bivens action should not be inferred to permit suits against IRS agents accused of violating a taxpayer's constitutional rights in the course of making a tax assessment." *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 152 (3d Cir.2000). It is clear from Carlisle's complaint that he is alleging that the agents violated his constitutional rights in assessing taxes against him, so that a suit against the agents is not appropriate.

We further note, to the extent that the Appellant claims otherwise, that the bankruptcy judge dismissed only the adversary case, and not the entire bankruptcy proceeding. Additionally, the Appellant was provided with ample opportunity to argue his case to the bankruptcy judge and was not denied due process.

*May 11, 2004, order on the IRS' objection to the bankruptcy plan*

The bankruptcy judge properly sustained the IRS' objection to the confirmation of Carlisle's bankruptcy plan. Under 11 U.S.C. § 1322(a)(2) a bankruptcy plan must "provide for the full payment...of all claims entitled to priority under section 507 of [title 11]." This includes claims arising under 11 U.S.C. § 507(a)(8)(A)(i) which provides for the payment of taxes due during the three years prior to the filing of the bankruptcy petition. Appellant's petition was filed on November 20, 2003. Therefore, his plan must include

---

1. Although we do not interpret Carlisle's appeal as challenging the bankruptcy judge's determination that he failed to include the proper parties in his complaint, we shall briefly address the issue.

payment in full for taxes due three years prior to that date. Since his plan did not provide for such payments, the objection was properly sustained.

*May 11, 2004, order overruling Appellant's objections to the IRS Proof of Claim*

■ The bankruptcy judge properly overruled the Appellant's objections to the IRS Proof of Claim. First, the Proof of Claim is not invalid because of a technical defect. While the form for filing a Proof of Claim does require the signature and printed name of the person authorized to file the claim, the lack of a "printed name" does not render the claim invalid. Rule 3001(a) of the Federal Rules of Bankruptcy Procedure requires that a Proof of Claim "conform substantially to the appropriate Official Form." In the present case, the Proof of Claim form contains the signature and title of the authorized agent and "substantially" conforms to the requirements. *In re Fuller*, 204 B.R. 894, 897 (Bankr.W.D.Pa.1997)(stating that the presence of the signature and title of the IRS employee substantially conforms to all requirements); *In re Vines*, 200 B.R. 940, 948 (M.D.Fl.1996).

■ Second, the IRS is not required to provide documentation to support its Proof of Claim. Rule 3001(c) of the Federal Rules of Bankruptcy Procedure requires that when a claim is based on a writing "the original or a duplicate shall be filed with the proof of claim." The IRS' claim, however, is not based on a writing but on a statute. *See* 26 U.S.C. §§ 6011, 6321. For this reason the Proof of Claim is not invalid for a lack of supporting documentation. *Vines*, 200 B.R. at 949; *In re Bozich*, 212 B.R. 354, 360 (Bankr.D.Ariz.1997); *In re White*, 168 B.R. 825, 834 (Bankr. D.Conn.1994); *see also In re Jenny Lynn Mining Co.*, 780 F.2d 585, 587 (6th Cir.1986)(stating that a claim was not based on a writing when the statute required strip mine operators to post performance bonds).

Finally, the Appellant's claim that he has no taxable income under 26 C.F.R. § 1.861–8(f)(1) is without merit. He claims that because he has no income from a foreign source, he is not required to pay income taxes. This argument has been rejected by numerous courts. *See, e.g., United States v. Bell*, 238 F.Supp.2d 696 (M.D.Pa.2003); *Loofbourrow v. C.I.R.*, 208 F.Supp.2d 698 (S.D.Tex.2002); *Aiello v. C.I.R.*, 69 T.C.M. (CCH) 1765 (1995). It is clear that Carlisle is required to pay income taxes on his earnings. *See* 26 U.S.C. § 61.

*May 26, 2004, orders denying reconsideration and amendment of the bankruptcy court's findings*

Rule 9024 of the Federal Rules of Bankruptcy Procedure makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings. Under Rule 60(b), the Appellant would be entitled to reconsideration or amendment in one of the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Appellant has alleged no facts to support reconsideration or amendment on any of the above grounds. Therefore, the bankruptcy judge did not err in refusing to do so.

### III. *Conclusion*

Based on the foregoing discussion, we shall issue an order affirming the decisions of the bankruptcy court.

### *ORDER*

AND NOW, this 15th day of December, 2004, in consideration of the debtor-appellant's appeal of the bankruptcy court's decisions, it is ordered that:

1. The decisions of the bankruptcy court are affirmed and the debtor-appellant's appeal is denied.

2. The Clerk of Court is directed to close this file.