**In re Larry Wayne DAVISON, Carol Dianne Davison.**

**Bankruptcy No. 92–42846S.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

June 2, 1993.

Stephen Bennett, Sherwood, AR, for debtor.

Raymond Mulera, Washington, DC, for IRS.

**ORDER**

MARY D. SCOTT, Bankruptcy Judge.

This cause is before the Court upon two contested matters concerning a dispute between the debtors and the United States. The debtors object to the United States proof of claim for internal revenue taxes and the United States objects to a proposed modification of the Chapter 13 plan. On March 9, 1993, the parties appeared and advised the Court that the pending matters involved legal issues which could be submitted to the Court upon stipulated facts and briefs. The parties stipulated that the issues are as follows:

"1. Whether or not the debtors' Chapter 13 plan, as amended, should be confirmed over the objection of the Internal

Revenue Service under the theory that the amended plan is "consistent" with 11 U.S.C. Section 1322(a)(2), 11 U.S.C. Section 507(a)(7)(A)(i) and I.R.C. Section 7122 (Authority of I.R.S. to Compromise Tax Claims) and is consistent with the general purposes of reorganization?

"2. If the debtors' amendment of their Chapter 13 plan is denied, whether the proof of claim filed by the Internal Revenue Service is sufficient to constitute prima facie evidence of the validity and amount of the IRS' claim, pursuant to Rule 3001(f) and therefore substantially conforms to the appropriate Official Form?

"3. If the debtors' amendment of their Chapter 13 plan is denied, whether the debtors pursuant to Section 726(a)(4) of the Bankruptcy Code, may treat the non pecuniary loss penalties which are secured by Federal Tax Liens as unsecured claims?"

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that the contested matters are "core proceedings" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(B), (L).

The debtors filed their Chapter 13 petition in bankruptcy on November 20, 1992, the schedules for which listed federal individual income taxes due for the 1988 tax year in the amount of $10,070.57, which they proposed to pay in full. In contrast to the amount scheduled by the debtors, the United States timely filed a proof of claim totalling $29,709.73, as follows:

| | |
|---|---|
| $ 9,076.38 | secured claim for individual income taxes for the 1988 tax year [1] |
| $18,543.33 | unsecured priority claim for individual income taxes for the 1989, 1990, and 1991 tax years |
| $ 2,090.02 | unsecured general claim |

The debtors do not dispute the amounts or their liability for the taxes. The secured claim includes non pecuniary loss penalties amounting to $3,035.37.

The United States filed an objection to confirmation of this plan on the basis that the plan did not provide for payment of the taxes as required by the Bankruptcy Code. Thereafter, the debtors filed an objection to the United States claim,[2] alleging several grounds, including the failure of the United States to substantiate its proof of claim, the listing of unassessed taxes, and an assertion that the nonpecuniary loss penalties are unsecured.

The debtors propose to withdraw these objections, however, conditioned upon ac-

ceptance of the debtors' Offer In Compromise. Specifically, the debtors propose to recognize the IRS claim as secured to the extent of $9,076.38, and pay an additional $994.19 as an unsecured priority tax claim. This equals the $10,070.56 originally scheduled. In return, the debtors would be relieved of tax liability and interest for the 1989, 1990, and 1991 tax years. The United States is unwilling to accept the offer of settlement proposed in the briefs. The debtors seek to force a settlement upon a creditor by objecting to the claim and requiring a settlement in the plan modification. The debtors believe that they, as Chapter 13 debtors, or this Court, have the authority to compel a government agency to settle a case for a specific amount.

**1.** On February 13, 1991, the IRS filed a Notice of Federal Tax Lien in Pulaski County for the debtors' 1988 unpaid individual federal income taxes in the amount of $12,266.20. See Exhibit 1.

**2.** The original objection stated no grounds for objecting to the proof of claim, compelling the United States to file a Motion to Dismiss or in the Alternative, Motion for More Definite State-

ment. The debtors' grounds were later stated in its response to the motion to dismiss and the brief filed together with the stipulation of facts. The failure to state, in the first instance, grounds for the objection needlessly expended resources not only of the Court, but also of the debtors, whose funds could clearly be better spent.

The Bankruptcy Code provides in pertinent part:

The plan shall—

(2) provide for the full payment ... of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim.

11 U.S.C. § 1322(a)(2). Under section 507 the priority claim, $18,543.33, must be paid in full. 11 U.S.C. § 507(a)(7). The Bankruptcy Code further provides that:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(5) with respect to each allowed secured claim provided for by the plan—

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.* * *

11 U.S.C. § 1325(a)(5)(B). Accordingly, the plan must also pay the value of the United States secured claim, $9,076.38. The only information regarding value before the Court is the debtors' schedule which list assets of sufficient value for the United States to be secured.[3]

■ Pursuant to chapter 13, the debtors are thus required to provide for payment of $27,619.71, but may provide for payment of the general unsecured claim, $2,090.02, pro rata with the other general unsecured claims. Instead of complying with the plain language of the Bankruptcy Code, the debtors argue that their settlement offer comports with section 7122 of the Internal Revenue Code such that this Court can compel the government agency to accept the proposal. The debtors also argue that since the Bankruptcy Code provides for the bankruptcy court to resolve issues of tax liability, the Court has the authority to decide whether the offer in compromise should be accepted by the government agency.

The language of the pertinent statutes does not support this assertion. First, the provisions governing the Chapter 13 plan expressly require payment of the priority taxes "unless the holder of a particular claim agrees to a different treatment of such claim." Since the United States has not so agreed, the statute expressly requires the payment. Secondly, section 505(a), although broad in its language, does not grant the Court sufficient authority to compel a government agency to settle a case. While the Court has authority to determine tax issues if a substantive objection or motion is made, that authority has not been invoked. In any event, the authority to determine tax liability is not the equivalent of settlement authority on behalf of any party.

■ The statute by which Congress has authorized tax matters to be compromised is 26 U.S.C. § 7122. By its express terms, the decision to compromise a case rests with the Secretary of the Treasury or, if the matter has been referred to the Department of Justice, with the Attorney General of the United States. Under no construction of the statute does any such authority rest with the Court.

The debtors chose to file a Chapter 13 petition in bankruptcy. Accordingly, they must comply with the provisions of the Bankruptcy Code in the payment of their debts through a Chapter 13 plan. Had the debtors wished to compromise their claims with the United States based on their financial condition, they could have pursued that avenue. Neither the Secretary of the Treasury nor the Department of Justice is required to compromise what the United States is entitled to under the law. There is no authority, statutory or otherwise, for the Court to impose a particular settlement. If the debtors wish to substantively, and in good faith, contest the tax, they may do so. However, there is no authority for this Court to compel an agency to settle a case or make the decision to compromise a claim for an agency. It is not the function

---

**3.** The United States is secured by "all property and rights to property" of the debtors. 26 U.S.C. § 6321. That some of the property has been declared exempt does not preclude attachment of the federal tax lien. *United States v. King,* 137 B.R. 43 (D.Neb.1991).

of the courts to make or compel settlements for the parties. Accordingly, the objection to confirmation of the plan will be sustained.

■ Since the United States objection to confirmation must be sustained, the conditional withdrawal of the debtors' objection to the proof of claim is ineffective. The issues raised by the debtors' objection must therefore be resolved. The debtors first argue that the proof of claim is defective because it lists taxes that have not yet been assessed by the Commissioner. Debtors assert that until assessment is made no debtor-creditor relationship exists under the tax laws. Debtors ignore the concept of a "claim" in bankruptcy. A claim under the Bankruptcy Code is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). The unassessed taxes, due and owing, fall within the concept of a claim in bankruptcy. *See Kilen v. United States*, 129 B.R. 538, 547–49 (Bankr.N.D.Ill.1991) (IRS held claim in bankruptcy although it had not determined the amount or even whether liability would be assessed). Second, the Bankruptcy Code clearly contemplates that the Internal Revenue Service may make a claim for unassessed taxes. For example, section 507 provides for priority payment of certain unassessed taxes. 11 U.S.C. § 507(a)(7)(A)(iii). Accordingly, the assertion that the United States may not submit a claim for unassessed taxes is without merit.

■ The debtors assert that the United States may not claim the nonpecuniary loss penalties as a secured claim because, as near as can be discerned, a trustee could avoid such a lien under section 726(a)(4). The Court finds this argument confused in several respects. First, this is a Chapter 13 proceeding for which section 726 has no application. Second, section 726 does not provide for avoidance of a federal tax lien. Third, even were section 726 applicable, it merely provides for priority of payment. The fact that a penalty is paid after other priority claims in a Chapter 7 does not render that penalty unsecured. Finally, the fact that there exists provision for avoiding certain liens is not an automatic avoidance of the federal tax lien in this case. The debtors have filed no adversary proceeding or contested matter to avoid the lien. The lien exists such that it is entirely proper for the United States to submit a proof of claim asserting a secured interest in the debtors' property.

The debtors argue that the "government failed to provide documentation" for its claim and failed to "identify what property it claims to be secured," complaining that it could not evaluate the collateral that is secured and therefore could not "properly formulate a plan giving proper credence to the alleged values that may be assigned." As counsel well knows, United States Code provides that *all* property and rights to property secure a federal tax lien. The proof of claim substantially conforms to the official form and provides more than sufficient information to constitute a valid, formal proof of claim evidencing the validity of the United States claim for internal revenue taxes. *See* Fed.R.Bankr.Proc. 3001.

**ORDERED** as follows:

1. The Objection to Modification of Plan filed by the United States on February 23, 1993, is sustained.

2. The Objection to Claim of the Internal Revenue Service, filed by the debtors on January 11, 1993, is overruled.

3. The Motion to Dismiss Debtors' Objection to Claim or in the Alternative for More Definite Statement, filed by the United States on February 16, 1993, is moot.

4. The debtors shall submit a modification to the plan in accord with this opinion within twenty (20) days of entry of this Order.

**IT IS SO ORDERED.**