### In re Robert L. VINES, Debtor.

### Robert L. VINES, Appellant,

v.

### INTERNAL REVENUE SERVICE, Appellee.

Bankruptcy Nos. 96–932–CIV–T–17A, 95–07226–8C3.

United States District Court, M.D. Florida, Tampa Division.

Sept. 27, 1996.

Robert L. Vines, St. Petersburg, FL, pro se.

Michael A. Cauley, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, David N. Geier, U.S. Dept. of Justice, Tax Division, Washington, DC, for appellee.

*APPEAL FROM A JUDGMENT BEFORE THE UNITED STATES BANKRUPT-CY COURT FOR THE MIDDLE DISTRICT OF FLORIDA*

KOVACHEVICH, Chief Judge.

### ORDER

This cause is before the Court on appeal from the "Order Denying Confirmation and Dismissing Case" entered on February 16, 1996, by Bankruptcy Judge C. Timothy Corcoran, III. Jurisdiction over appeals from the final judgments, orders and decrees of the Bankruptcy Court is vested in the Federal District courts. 28 U.S.C. § 158(a).

The issue presented for this Court's review is whether the Bankruptcy Court erred in denying confirmation and granting the United States' Motion to dismiss for cause.

## STANDARD OF APPELLATE REVIEW

The District court is bound by the findings of fact made by the Bankruptcy Court unless it determines them clearly erroneous. The burden is on the appellant to show that the Bankruptcy Court's finding is clearly erroneous. Federal Rules of Bankruptcy Procedure, Rule 8013; *In re Downtown Properties, Ltd.,* 794 F.2d 647 (11th Cir.1986). Appellant is entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen,* 86 B.R. 691 (M.D.Fla. 1988).

## FACTS AND PROCEDURAL HISTORY

A complete background is relevant to a full understanding of this case. In 1993, Vines filed for Chapter 13 in North Carolina, where he was ordered to file his 1991 1040 return. Vines responded by filing a return with all zeros and attaching an affidavit indicating that he filed zeros due to duress and coercion caused by the Court order. Vines was found to have made substantial income in 1991, and the IRS assessed his taxes close to $20,-000.00.

The bankruptcy court dismissed the North Carolina case in May, 1993, after which Vines moved to Florida's Middle District where he filed for Chapter 13 in Case No. 94–9578–8C3. Vines was ordered again to file tax returns. That case was dismissed on April 19th, 1995.

While the order to dismiss the first attempt, in this District, to file Chapter 13 was pending appeal, Vines filed again for Chapter 13 relief on July 21, 1995. The Internal Revenue Service (IRS) filed objection to confirmation because the Plan failed to recognize and provide for payment for secured and priority claims as required by the Code. The IRS filed two Proofs of Claim; the first on November 1, 1995, and an amended Proof on November 2, 1995. On January 16, 1996, Vines filed objections to the Proofs of Claim stating as justification that the first was not signed and neither had supporting documentation attached.

On February 7, 1996, the Bankruptcy Court conducted a confirmation hearing on Vines' Chapter 13 plan and heard argument on the IRS's Motion to Dismiss for Cause. The IRS contented that Vines willfully failed to abide by an order of the Bankruptcy Court requiring him to file delinquent federal tax returns. In addition, the trustee advised the court that Vines' Plan did not provide for the payment of the government's secured or priority claim.

In response to failure to file tax returns, Vines responded with numerous arguments. For instance, he stated that he was confused as to which form he was supposed to file, and that the 1040 only applied to non-resident aliens or those subject to the social security program. Because he was not a non-resident alien and he had filed for recession of his signature from his social security application, he contended the 1040 did not apply to him. Further, he argued that taxes were voluntary. He then stated that he did not understand the tax program and had requested assistance from the IRS but had not received help. He argued that he could not file a tax return because a proper return had to be signed under penalties of perjury and his lack of comprehension of the tax laws prevented him from signing. Finally, he argued

that the IRS Secretary was obligated to file a tax return on his behalf.

The bankruptcy court determined that the failure to file tax returns denied the IRS the opportunity to make a reasoned determination with respect to the debtor's tax liabilities in order to file a meaningful claim and precluded the court from determining legitimate preconfirmation disputes between the IRS and the debtor. In addition, the court found that the delay caused by Vines in failing to file the ordered returns resulted in unreasonable delay for all creditors which was specific cause for dismissal under Section 1307(c)(1) of the Bankruptcy Code.

The court further found that if the case were determined from the record, confirmation would not be possible due to the failure of the Plan to provide for payment of the IRS secured and priority claim. The court noted that this was a "classic repeat filing with no change in circumstances whatsoever." In addition, the Court found the merits of this case identical to Vines' earlier attempt to file bankruptcy in the Middle District of Florida. The same issues and disputes which caused that case to be dismissed were carried forward in this case. As the Bankruptcy Court noted, Vines had a good job, is obviously an intelligent hard-working person, and for him to have failed to take the steps necessary to prepare the file for confirmation is a "real tragedy." Given all the facts in this case, Judge Corcoran properly denied confirmation and dismissed the case with prejudice.

## DISCUSSION

Vines does not clearly set forth the issues for appeal as they are buried in emotional ramblings; the issues presented for appeal as this Court sees them are:

1. Whether or not the Bankruptcy Court erred in denying confirmation and dismissing the case based on Vines' failure to comply with the order compelling him to file delinquent tax returns.

2. Whether or not the order as presented was confirmable.

3. Whether the Proof of Claim filed by the IRS was valid.

## FAILURE TO FILE TAX RETURNS IN DIRECT VIOLATION OF A COURT ORDER

Vines was ordered on at least three (3) occasions to file tax returns which he continually failed to do. The failure to comply with the court order entered in July 1995, requiring the filing of delinquent tax returns resulted in prejudicial delay to creditors as found by the Bankruptcy Court. Vines makes several arguments as to why he does not need to file tax returns, all of which are without merit.

### Requirement to File

■ Vines argues that there is no requirement to file tax returns and filing of such returns is purely voluntary. He argues that the Internal Revenue Code (IRC) does not require American citizens to file tax returns unless they have foreign income, or are subject to the social security administration. This argument is entirely meritless and is clearly contrary to established law. In addition to the legal requirement, the filing of taxes is also a necessary element for full disclosure in the bankruptcy court which is a court of equity.

Title 26 of the United States Code, Section 6012, the IRC requires that returns be made by every individual whose gross income is greater than or equal to the exemption amount. In addition, under Section 7203, failure to file a return constitutes a criminal offense.

As the Bankruptcy Court noted, the failure to file tax returns resulted in a prejudicial delay to creditors in bankruptcy proceedings because it precluded and denied the Internal Revenue Service the opportunity to make a reasoned determination with respect to the debtor's tax liabilities so that they could file a meaningful Proof of Claim. In addition, it precluded the Court from determining preconfirmation any legitimate dispute between the IRS and the debtor with respect to tax liability. This unreasonable delay was prejudicial to all creditors and was specific cause for dismissal under Section 1307(c)(1) of the Bankruptcy Code. It was the debtor's obligation to put the case in order for confirmation on the merits at the confirmation hear-

ing, and as noted by the Bankruptcy Court, Vines failed to do so in this case.

■ Income tax returns are "quintessential documents 'from which the debtor's financial condition or business transactions might be ascertained.'" *In re Wolfson,* 152 B.R. 830, 833 (S.D.N.Y.1993). Furthermore, tax returns are essential to orderly administration of debtors' estates because in absence of a return, trustees are asked to blindly accept the debtor's statements as contained in their schedules. In order for a debtor to be allowed the equitable remedy of bankruptcy, he or she must make full presentation of his or her financial affairs. *Lubman v. Hall,* 174 B.R. 210 (Bankr.E.D.Va.1994). Vines' adamant refusal to file income tax returns, in violation of his legal obligation to do so, only reinforces this Court's belief that he should not be permitted to take advantage of any presumption in favor of discharge without first providing a complete and accurate account of his financial affairs.

### Confusing Nature of Taxes and Penalties of Perjury

■ Vines argues that under 26 U.S.C. § 7206(1) (West 1989), the willful making or subscribing a return under penalty of perjury which the taxpayer "does not believe to be true and correct as to every material matter," constitutes a felony, and his fear of violating that statute explains his failure to file returns. This Court rejects this argument as it is clearly not the law. In this case, Vines has not offered any evidence that he is indigent and could not afford to seek assistance in preparing his returns if his financial situation was complex, nor that he was unable to take advantage of the free taxpayer assistance the IRS offers at its various branches and over the telephone. Second, because of the complexity of the tax laws, Congress, and the courts, require heightened standards of willfulness to prove criminal violations. In addition, ignorance and misunderstanding of the tax laws may form the basis for a good faith defense to criminal prosecution. *Cheek v. United States,* 498 U.S. 192, 200, 202, 111 S.Ct. 604, 609–10, 610–11, 112 L.Ed.2d 617 (1991). The Ninth Circuit in *United States v. Hanson,* 2 F.3d 942, 945 (1993) set out the elements for criminal prosecution of failure to file:

> To prove a violation of § 7206(1), . . . the government must prove that the defendant (1) filed a return . . . that was false as to a material matter; (2) signed the return . . . under penalty of perjury; (3) did not believe the return . . was true as to every material matter; and (4) willfully subscribed to the false return with the specific intent to violate the law.

■ Gross carelessness or negligence is not sufficient to secure a criminal conviction because there must be a showing of an intentional violation of a legal duty. *United States v. Dyer,* 922 F.2d 105, 108 (2d Cir. 1990) (holding that the filing of an amended return supports an inference only of mistake, not of fraud). Thus, honest taxpayers who, in good faith makes a mistake on his or her tax returns, cannot be subject to criminal penalties. Vines does not suggest that the threat of civil penalties, *see e.g.* 26 U.S.C. 6651 (West Supp.1994), designed to provide a financial deterrent to late filing or payment prevented him meeting his obligations.

Finally, Vines' argument is spurious at best. In his memorandum, he refers to several sections of the Internal Revenue Code in an attempt to escape liability for taxes, yet he is curiously ignorant of the sections of the IRC obligating him to file tax returns. In *Cheek, supra,* 498 U.S. at 205–06, 111 S.Ct. at 612–13, the Court found that a belief that the Code was unconstitutional did not arise from "innocent mistakes caused by the complexity of the Internal Revenue Code," but rather revealed full knowledge of the provisions at issue. Similarly, this Court finds that Vines' failure to file returns is not the result of any innocent mistakes caused by complexity of the Code, but rather is a blatant attempt to circumvent tax laws. In fact, Vines is quite familiar with the Code. The Court is hesitant to believe that someone so proficient at legal research could fail to comprehend the requirement to file taxes, or in light of genuine confusion, could not seek the assistance of any number of voluntary assistance organizations. For these reasons, this Court refuses to accept Vines' proposition that his

failure to file was the result of confusion or fear of criminal prosecution.

### Filing by the Secretary

Next, Vines argues that the IRS has failed to take certain actions which constitute conditions precedent to his liability to pay taxes. He argues that because he failed to file returns, the Secretary was required to file a return on his behalf. His argument is premised upon 26 U.S.C. § 6020(b). Vines contends that § 6020(b) imposes a mandatory obligation upon the IRS to file income tax returns when individual taxpayers fail to file themselves. This argument fail as a matter of law. Title 26 U.S.C. § 6020 (West 1989) provides:

> (a) Preparation of return by Secretary.— If any person shall fail to make a return ... but shall consent to· disclose all information necessary for the preparation thereof ... the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.
>
> (b) Execution of return by Secretary.—If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
>
> (2) Status of returns.—Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

Vines argues that § 6020 excuses him from filing a return and that he has no liability for unpaid income taxes until and unless the Secretary files a return for him. However, such argument ignores several statutes relating to the requirement to file tax returns including, but not limited to, 26 U.S.C. § 6012 (West 1989), requiring the filing of returns; § 6151(a), requiring all persons liable for taxes to pay them "without assessment or notice and demand from the Secretary;" and § 6072(a), requiring returns to be filed by April 15 of the year following the year for which the tax is due. None of these duties is conditioned on the Secretary's making a return.

Case law contradicts the argument that the word "shall" in a plain reading of § 6020(b) required the Secretary to file Vines' return. When reading the section as a whole, § 6020(a) uses the word "may" rather than "shall." As the Tenth Circuit Court of Appeals noted, "26 U.S.C. § 6020(b) provides the IRS with some recourse if a taxpayer fails to file a return as required under § 6012, but that it does not excuse a taxpayer from the filing requirement." *In re Bergstrom*, 949 F.2d 341, 343 (1991). The Fifth Circuit Court of Appeals dealt with a similar argument in *Moore v. Commissioner.* 722 F.2d 193 (1984). In finding the pro se taxpayer's use of long and defunct arguments to be frivolous, the court awarded the IRS double costs. The appellate court held that § 6020(b) did not "supplant the taxpayer's original obligation to file." *Id.* at 196.

Vines' argument is not unique. Several courts have addressed this issue in contexts from tax matters to criminal matters and consistently reject such argument. *Schiff v. United States*, 919 F.2d 830, 832 (2d Cir. 1990) (holding the Secretary need not file on behalf of the taxpayer), *cert. denied*, 501 U.S. 1238, 111 S.Ct. 2871, 115 L.Ed.2d 1037 (1991); *United States v. Stafford*, 983 F.2d 25, 27 (5th Cir.1993) (holding that Section 6020(b) "authorizes the Secretary to file for a taxpayer, ... [but] does not require such a filing, nor does it relieve the taxpayer of the duty to file."); *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir.1991); *In re Bergstrom*, 949 F.2d 341, 343 (10th Cir.1991); *United States v. Verkuilen*, 690 F.2d 648, 657 (7th Cir.1982); *Pascoe v. Internal Revenue Serv.*, 580 F.Supp. 649, 653 (E.D.Mich.1984), aff'd, 755 F.2d 932 (6th Cir.1985); *In re Rank*, 161 B.R. 406, 409 (Bankr.N.D.Ohio 1993).

In view of the overwhelming authority in this regard, this Court finds that the Bankruptcy Court did not err in refusing to excuse Vines from filing tax returns based on a nonexistent obligation by the Secretary. Additionally, the case was properly dismissed due to Vines' failure to file tax returns as

ordered by the Bankruptcy Court. Further discussion is unnecessary in light of this fact, nonetheless, for sake of completeness, this Court will examine the remaining issues on appeal.

## RECORD NOT CONFIRMABLE

■ Even if the Bankruptcy Court had not dismissed the case based upon Vines' failure to file returns in direct violation of a court order, the Plan as it stood was not confirmable because it failed to provide for the secured priority claim made by the IRS. Vines appears to challenge the IRS' assessment; however, that argument is without merit.

■ A taxpayer who has not filed a return so that an assessment could not be made by the IRS cannot fairly argue that there is no tax liability for the unreported years. *Stang v. Internal Revenue Serv.*, 788 F.2d 564, 565–66 (9th Cir.1986) (holding the IRS's power to assess was discretionary and that a taxpayer who failed to file returns could not compel the Service by mandamus to calculate his taxes and give him notice of assessment); *United States v. Latham*, 754 F.2d 747, 750 (7th Cir.1985). The Internal Revenue Code § 6501(c)(3) (West Supp.1994) authorizes a court to begin collection proceedings for unpaid taxes without assessment where the taxpayer fails to file a return. As in this case, Vines' failure to file returns explains any absence of assessment for the years in question, and he is estopped from relying on that circumstance to defeat the IRS's claim.

■ An assessment has the same legal effect of a judgment against a debtor. *Rambo v. United States*, 492 F.2d 1060, 1061 n. 1 (6th Cir.1974) (citing *Bull v. United States*, 295 U.S. 247, 259–60, 55 S.Ct. 695, 699–700, 79 L.Ed. 1421 (1935)), *cert. denied*, 423 U.S. 1091, 96 S.Ct. 886, 47 L.Ed.2d 103 (1976). Assertion of a claim in bankruptcy is the assertion to a right to payment. The IRS does not need an assessment to assert such a right to payment, just as a creditor does not need a judgment, *see* 11 U.S.C. § 101(5) (West 1993). Section 6151(a) places an obligation on the taxpayer to pay the tax when due without assessment and without

notice and demand. Thus, the taxpayer has a duty to pay and the IRS has a corresponding right to payment, absent assessment. As stated in *Fed. Deposit Ins. Corp. v. United States*, 654 F.Supp. 794 (N.D.Ga.1986) "under Section 6151 of the Internal Revenue code, regardless of when federal taxes are actually assessed, the taxes are considered as due and owing, and constitute a liability as of the date the tax return for the particular period is required to be filed." *Id.* at 806; *see, Accord Baasch v. United States*, 742 F.Supp. 65, 68 (E.D.N.Y.1990), *aff'd*, 930 F.2d 911 (2d Cir. 1991); *In re Davis*, 936 F.2d 771, 774 (4th Cir.1991) ("An assessment of a tax is not a prerequisite to the imposition of tax liability."); *In re Davison*, 156 B.R. 600, 603 (Bankr.E.D.Ark.1993) ("[U]assessed taxes, due and owing, fall within the concept of a claim in bankruptcy."). *In re Kilen*, 129 B.R. 538, 548 (Bankr.N.D.Ill.1991).

The issue here is not whether the IRS's claim could be collected in enforcement proceedings but whether the claim may be allowed in a bankruptcy proceeding. Before the IRS can obtain a lien on a taxpayer's property, it must follow certain procedures such as sending notice of deficiency and demand for payment. *See* IRC § 6203, § 6212, § 6303(a); *Brewer v. United States*, 764 F.Supp. 309, 315 (S.D.N.Y.1991). However, filing of a Proof of Claim in a bankruptcy proceeding for unassessed taxes is not an attempt to collect the taxes.

For these reasons, the IRS was entitled to file its claim in the bankruptcy proceedings without an assessment. The rights to payment of secured priority claim and the Plan's failure to address those rights to payment precluded confirmation of the Plan as it was presented.

## SUFFICIENCY OF THE PROOF OF CLAIM

Vines argues that the Proofs of Claim are invalid for a number of reasons, and were, therefore, not entitled to the *prima facie* validity afforded by § 6020. First, Vines argues that a lack of signature on the initial Proof of Claim invalidates the Proof. Second, Vines argues that the Proof was re-

quired to be made under oath. Third, Vines argues that supporting documentation was required to be attached and failure to do so invalidated the Proof. This Court finds these argument to be without merit.

■■■■ It is necessary at this point to discuss briefly the burden of proof in a bankruptcy proceeding. In a bankruptcy proceeding, the initial burden is on the creditor to make a claim. In the case of delinquent taxes, the burden is on the IRS to show that the taxpayer received income. This burden is initially satisfied by the IRS's filing of a Proof of Claim which is presumed *prima facie* valid. This shifts the burden to the taxpayer to show that the claim is incorrect. If the taxpayer meets this burden, the burden shifts back to the IRS to prove the existence and amount of the deficiency. *Foster v. Commissioner*, 391 F.2d 727, 735 (4th Cir.1968).

### The Signature

■■ Vines attacks the IRS's Proof of Claim due to lack of signature. He notes that the Internal Revenue Manual 1218, Policies of the Internal Revenue Service requires a Proof of Claim to be signed and show the printed name of the person executing the claim. Although the original Proof of Claim filed did not have a signature, the Amended Proof of Claim filed one day later was signed by J. Fitzpatrick, Manager, Procedures & Insolvency as required by law. It is true that the amended Proof of Claim lacked the printed name; however, as the title was typed under the signature line, the person was fully identified. As such, the amended form substantially conforms to all requirements and any inconsistency is not so substantial as to render the IRS's Proof defective. Furthermore, Vines was not prejudiced by the amended Proof of Claim in any way.

■■ The Amended Proof sought neither to add a new claim nor increase the value of the claim previously filed. *See Martin v. Internal Revenue Service*, 180 B.R. 90 (E.D.N.C.1994). In fact, the amended Proof actually lowered the amount of tax liability. Vines could not fairly argue that he was prejudiced by this amendment. In addition, a Proof of claim serves as notice by which a taxpayer may refute a claim made by a creditor. Vines does not attack the substance of the form, but chooses instead to attack the preparation of the form. As such, Vines had adequate notice of the claim against him and could have challenged the existence or accuracy of the amount of the claim; however, he chose not to make such a challenge. Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in allowing the IRS to file an amended Proof of Claim which sought to assert no new or increased tax liability, and such Proof substantially conformed to all legal requirements.

### Under Oath

■■■ Vines claims that the Proofs are invalid because they were not signed under oath. He argues that Black's Law Dictionary defines proof of claim as a statement under oath and that the Official Form for Proofs of Claim contains a statement that the form is signed under penalty of perjury. However, neither the Bankruptcy Code nor Rule 3001 requires that a proof of claim be made under oath or under penalties of perjury.

As noted by the Bankruptcy Court in *In re White*, 168 B.R. 825 (Bankr.D.Conn.1994), the Bankruptcy Act § 93 originally contained a requirement that a proof of claim be under oath, but the requirement was deleted in 1960 by Pub.L. No. 86–519. This Publication amended § 93(a) to provide that a properly filed proof of claim was *prima facie* evidence of the claim's validity and amount "even though not verified under oath." Further, the current version of Official Form 10, which was adopted August 1, 1991, and amended March 16, 1993, does not contain a statement requiring the proof of claim is signed under penalty of perjury. *See* 11 U.S.C., Official and Procedural Bankruptcy Forms 72 (West Supp.1994); however, both the Official Form and the IRS's Proof contain reference to 18 U.S.C. §§ 152 and 3571 which makes it a crime to **fraudulently** present a false claim against a debtor's estate.

The debtor also argues that 26 U.S.C. § 6065 requires that the Proof be under penalty of perjury. Section 6065 provides:

Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.

This section is intended to require taxpayers, not the IRS, to make returns under penalties of perjury. The consequences of a miscalculation cannot fairly be imposed upon an agent of the IRS. Vines' argument is no more than a furtive attempt to interfere with the IRS's statutory obligation to collect taxes. In addition, I.R.C. § 6020(b) validates returns "subscribed by the Secretary," without any requirement that the return be under penalty of perjury. Although, as Vines point out, several regulations direct personnel to file Proofs of Claim upon notice of a taxpayer's bankruptcy, see e.g., 26 C.F.R. §§ 301.6871(a)–2, 301.6871(b)–1, 601.109 (1994), those regulations are merely internal agency instructions and cannot be read to require that proofs of claim filed by the Service be under oath.

Additionally, under the informal Proof of Claim doctrine, courts have developed flexible standards for determining the sufficiency of a claim on a bankruptcy estate in spite of the form in which the claim is made. See In re Holm, 931 F.2d 620 (9th Cir.1991); In re Pabis, 62 B.R. 633, 636–37 (Bankr.D.Conn. 1986). For all the reasons mentioned above, this Court finds no merit in Vines' contention that the Proof is void for failure to be made under oath subject to penalties of perjury.

Vines' arguments that the IRS has violated United States criminal statutes by filing a false or fraudulent claim, see, e.g. 18 U.S.C. § 152 (West Supp.1994), 18 U.S.C. § 1001 (West 1976), are likewise rejected. There has been absolutely no showing that the Proof is false or fraudulent.

### Supporting Documentation

■ Vines argues that, under Bankruptcy Rule 3001, the IRS is required to attach copies of any supporting documents such as promissory notes, contracts, court judgments, or evidence of security interest and that such attachment is required for perfection of a security interest. This require-ments derive from Rule 3001(c) and (d) which requires that a claim "based on a writing," be filed in original or duplicate with the Proof of Claim, and that the "Proof of Claim shall be accompanied by evidence that the security interest has been perfected." However, the IRS was not required to attach any documentation to its Proof of Claim because the claim and lien are based not on a writing, but on federal statutes. See In re Jenny Lynn Mining Co., 780 F.2d 585, 587 (6th Cir.), cert. denied, 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986). Even though part of the IRS's claim is secured, the security is a "statutory lien" arising solely out of statutory obligations, see § 101(53), as opposed to a "security interest," such as a lien created by a private agreement, see § 101(51). See 26 U.S.C. § 6321 et seq. (West 1989 & Supp. 1994) (creating and defining characteristics of a tax lien). The Proof is therefore not defective due to lack of supporting documentation.

This Court upheld this position in United States v. Boyd in holding a tax claim to be based on an obligation created by statute, and not founded on a writing. As such, this Court noted that the IRS was not required to attach documentation to it claim. 76 A.F.T.R.2d 95–7836, 1995 WL 790049 (M.D.Fla.1995).

As set forth above, the Proof is found to be valid and entitled to the presumptive validity attributed to it under Rule 3001(f). Thus, Vines bore the burden of showing by a preponderance of the evidence, or at the very least, some evidence, that the IRS's claim was substantively erroneous or invalid in either existence or amount. However, he failed to present any evidence to this effect. For these reasons, the Bankruptcy Court did not err by refusing to grant Vines' request to invalidate the Proofs of Claim.

### CONCLUSION

■ Bankruptcy is an equitable remedy where honest debtors are provided "fresh starts" through discharge of their debts. In re Farouki, 133 B.R. 769, 776 (Bankr.E.D.Va. 1991) (complete disclosure of financial affairs is fundamental to the concept that discharge is only available to totally open and honest

debtors), *aff'd sub nom., Farouki v. Emirates Bank International, Ltd.,* 14 F.3d 244 (4th Cir.1994); *see also, In re Cook,* 146 B.R. 934, 935–936 (Bankr.E.D.Pa.1992). Section 727 contains provisions that, barring discharge, "make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs." *Farouki,* 133 B.R. at 776. Section 727(a)(3), in part, that a debtor keep certain records, from which the debtor's financial condition might be determined.

■■■ The privilege of discharge is dependent upon a true presentation of the debtor's financial affairs. *In re Baxter,* 96 B.R. 58, 60 (Bankr.E.D.Va.1989). Such disclosure ensures that the trustee and creditors are supplied with dependable information on which they can rely in tracing a debtor's financial history. *Meridian Bank v. Alten,* 958 F.2d 1226, 1230 (3d Cir.1992). By refusing to file returns, Vines has abused the very equitable principals for which bankruptcy was created.

Vines came to this court of equity seeking to readjust his debts. He was given a full and fair opportunity to support his objection to the IRS's claim by offering evidence that he owed no taxes or that the claim was overstated. Instead, he chose to pursue specious legal arguments. That effort has failed and the bankruptcy court's decision to dismiss with prejudice is upheld.

The Court having considered all the arguments of the parties is convinced that the dismissal of this case with prejudice and denial of confirmation was proper in this case. Accordingly, it is

**ORDERED** that the denial of confirmation and dismissal with prejudice by the Bankruptcy Court be hereby **affirmed** and the appeal be **dismissed.**