106 F.3d 1479
 37 Collier Bankr.Cas.2d 778, 97 Cal. Daily Op.
Serv. 1087,
97 Daily Journal D.A.R. 1627
 In re LOS ANGELES INTERNATIONAL AIRPORT HOTEL ASSOCIATES, Debtor.
STATE BOARD OF EQUALIZATION OF the STATE OF CALIFORNIA, Appellee,
v.
LOS ANGELES INTERNATIONAL AIRPORT HOTEL ASSOCIATES, Appellant.
 No. 96-55797.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 18, 1997.
 
 Scott C. Clarkson, Clarkson & Gore, Torrance, California, for debtor-appellant.
 David S. Chaney, Deputy Attorney General, Los Angeles, California, for creditor-appellee.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, Hagan, Baum, and Volinn, Judges, Presiding. B.A.P. No. CC-95-01807-HBV.
 Before: D.W. NELSON, TROTT, Circuit Judges, and BRYAN,** District Judge.
 PER CURIAM:
 
 
 1
 Debtor Los Angeles International Airport Hotel Associates ("L.A. Airport") brings this interlocutory appeal to challenge the Bankruptcy Appellate Panel's determination that the State Board of Equalization ("SBE") was not required to file documentation in support of its proof of claim for use taxes. We have jurisdiction pursuant to 28 U.S.C. § 158(d),[1] and we affirm.
 
 
 2
 L.A. Airport owns the Crown Sterling Hotel in El Segundo, California. On July 29, 1992, L.A. Airport filed for chapter 11 bankruptcy. On June 28, 1993, the SBE submitted a proof of claim against L.A. Airport for sales and use taxes.[2] No supporting documentation was attached to this claim. On July 17, 1995, the bankruptcy court disallowed the SBE's claim because the SBE had failed to provide documentation of the basis for its use tax claim.
 
 
 3
 Bankruptcy Rule 3001(c) states that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim." Compliance with this rule allows the proof of claim to constitute prima facie evidence of the validity of the claim. Fed.R.Bank.P. 3001(f). L.A. Airport argues that the SBE's proof of claim for use taxes is based upon a writing, and that the SBE was therefore required under Federal Rule of Bankruptcy Procedure 3001(c) to submit that writing. According to the SBE, the tax liability that forms the basis of its proof of claim is created by operation of a state statute, not a writing. Therefore, the SBE argues, Rule 3001(c) does not apply to its proof of claim. The Bankruptcy Appellate Panel agreed with the SBE and held that the SBE was not required by Rule 3001(c) to submit documentation in support of its use tax claim. We review the panel's interpretation of Rule 3001(c) de novo. In re Alsberg, 68 F.3d 312, 314 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1568, 134 L.Ed.2d 667 (1996).
 
 
 4
 We are faced with a simple question: Is the SBE's claim against L.A. Airport based on a writing? The courts have been uniform in their response: No. See In re Vines, 200 B.R. 940, 949 (M.D.Fla.1996) ("[T]he IRS was not required to attach any documentation to its Proof of Claim because the claim ... [is] based not on a writing, but on federal statutes."); In re White, 168 B.R. 825, 834 (Bankr.D.Conn.1994) (same); see also In re Jenny Lynn Mining Co., 780 F.2d 585, 587 (6th Cir.) (where basis of claim is statutory, no documentation would have provided additional notice to debtor), cert. denied, 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986). We agree. The SBE's claim is based on a state statute, not a writing. Accordingly, the SBE is not required to attach documentation to its proof of claim.
 
 
 5
 L.A. Airport's argument to the contrary is not persuasive. L.A. Airport's position that nearly all claims are based upon statutes, and that the statute/writing distinction therefore falls apart, confuses legal obligations with enforcement mechanisms. L.A. Airport's comparison between state contract law and state tax law is informative. In the case of a contract, the legal obligation is created by the writing itself. State contract law simply establishes whether and how that writing may be enforced. In the case of a use tax, the obligation to pay the tax is created solely by the completion of a transaction to which the state statute applies. A written assessment enforces the pre-existing obligation, but the obligation is ascertainable even absent such a writing. The same cannot be said of a contract. Rule 3001(c) is invoked where the obligation itself, and not its consequent enforcement, is based upon a writing. Simply put, no writing is required to create tax liability, and Rule 3001(c) does not apply to claims for such debt.
 
 
 6
 Because the SBE's claim is not based upon a writing, its proof of claim is entitled to the presumptive validity attributed to it by Rule 3001(f). The decision of the Bankruptcy Appellate Panel is AFFIRMED, and the case is REMANDED to the Bankruptcy Court for further proceedings in light of this holding.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 [1]
 See In re Dominguez, 51 F.3d 1502, 1506-07 (9th Cir.1995)
 
 
 [2]
 The SBE has withdrawn its sales tax claim