In re Richard W. BOZICH and
Vivian A. Bozich, Debtors.

Richard W. BOZICH and Vivian
A. Bozich, Plaintiffs,

v.

INTERNAL REVENUE SERVICE
and United States of America,
Defendants.

Bankruptcy No. 95–01811–TUC–JMM.
Adversary No. A96–00086.

United States Bankruptcy Court,
D.   Arizona.

April 3, 1997.

Richard W. Bozich and Vivian A. Bozich, Tucson, AZ.

Robert McIntosh, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC.

## MEMORANDUM DECISION

JAMES M. MARLAR, Bankruptcy Judge.

### BACKGROUND

Richard W. Bozich and Vivian A. Bozich ("Plaintiffs") filed the above-captioned chapter 13 bankruptcy case on July 28, 1995. On September 29, 1995, the Internal Revenue Service ("the IRS") filed a proof of claim, asserting a total of $50,875.14 in secured, unsecured priority, and unsecured non-priority claims. On January 26, 1996, the IRS amended its proof of claim to reduce the total amount of its claims to $43,389.63.

On April 11, 1996, Plaintiffs, through attorney William G. Lane, requested permission to sell their residence. At the hearing on the matter, only the chapter 13 trustee's attorney and Mr. Lane appeared, and the sale was approved.

On April 23, 1996, Plaintiffs filed a pleading that, while titled as a "Motion to Lift I.R.S. Liens," asked only for the existing IRS lien on their residence to be transferred to any new home that Plaintiffs might later purchase; Plaintiffs did not challenge the lien's validity. The United States filed an objection to this motion on May 2, 1996. The Court denied Plaintiffs' motion but authorized the sale of the residence to proceed, so long as $12,327.57 remained in escrow until

an anticipated challenge to the IRS's lien was resolved.

On May 31, 1996, Plaintiffs, *in propria persona*, filed a "Response to the Internal Revenue Service Objection to Motion to Lift IRS Liens; Motion to Dismiss." Although the title of this pleading suggests that it is related to Plaintiffs' earlier, unsuccessful motion to transfer the IRS's lien to any new residence purchased by Plaintiffs, in actuality it constituted the first written challenge to the validity of the IRS's claims. The motion raised various arguments, consisting mostly of statutory and constitutional challenges to the validity of the Internal Revenue Code, and technical challenges to the proof of claim filed by the IRS.

On June 5, 1996, Plaintiffs, through their attorney, filed a pleading entitled "Objection to Proof Notice." This pleading challenged the IRS's proof of claim on the basis of alleged inaccuracies in the amounts claimed by the IRS for taxes, interest, and penalties.

The Court set July 1, 1996 for a hearing on the challenges to the IRS's claims.

On June 17, 1996, Mr. Lane was allowed to withdraw as counsel for Plaintiffs.

On June 19, 1996, Plaintiffs, again representing themselves, filed an "Amended Motion to Dismiss." This pleading added a timeliness objection to the other bases for Plaintiffs' challenge to the IRS's proof of claim.[1]

On June 20, 1996, the United States moved to vacate the July 1 hearing on the basis of improper service. By order dated June 28, 1996, the Court granted that motion.

At this point, the Court determined that Plaintiffs' challenge to the validity of the IRS's claims should be brought in the form of an adversary proceeding. Thus, the June 28 order also contained the following directives:

... the Clerk shall photocopy [Plaintiffs' *pro-per* motions] and place them in an adversary file, advising [Plaintiffs] of the number assigned to the adversary proceeding;

... [Plaintiffs] shall pay the filing fee and provide the clerk with an appropriate cover sheet within 30 days;

... [Plaintiffs] shall cause summonses to be issued by the Clerk, and served upon the United States in the manner provided by law, filing an appropriate affidavit of proof of service with the Clerk when service is accomplished.

On July 11, 1996, after the Court Clerk complied with the Court's order to place Plaintiffs' *pro-per* motions in an adversary file, Plaintiffs filed a complaint. That complaint, while urging various bases for disallowing the IRS's claims, did not challenge the factual accuracy of the amounts claimed by the IRS.

The IRS failed to file a timely answer; instead, on August 15, 1996, the IRS filed a motion for summary judgment. On August 21, 1996, Plaintiffs filed a motion for judgment by default.

On September 9, 1996, the Court entered an order denying Plaintiffs' motion for default judgment, striking the IRS's motion for summary judgment, and directing the IRS to file an answer or other pleading permitted by Rule 12 of the Federal Rules of Civil Procedure.

Subsequently, the IRS answered Plaintiffs' complaint and resubmitted its motion for summary judgment. At the hearing on the IRS's motion on December 4, 1996, Plaintiffs' argument consisted largely of an assertion that Plaintiffs paid, at least in part, the taxes upon which the IRS's claims are based. However, this assertion is not among the claims made in Plaintiffs' complaint. Therefore, the IRS argued, it would be error for this Court to consider that assertion. Beyond that, the IRS rested on its pleadings.

On December 11, 1996, The Court entered a memorandum decision and a partial judgment and order. The Court's rulings were: (1) that the IRS was entitled to summary judgment on Plaintiffs' claim that the IRS

---

1. Hereinafter, Plaintiffs' "Response to the Internal Revenue Service Objection to Motion to Lift IRS Liens; Motion to Dismiss" and their "Amended Motion to Dismiss" shall be referred to, collectively, as "Plaintiffs' *pro-per* motions."

was required to have permission from the Attorney General and the Secretary of the Treasury before filing its proof of claim; (2) that the IRS's motion for summary judgment was denied as to Plaintiffs' claim that the IRS's claims should be disallowed because there was no proof that Barbara Lundberg, the IRS representative who signed the proof of claim, was authorized to do so; (3) that the IRS was permitted to submit an amended motion for summary judgment addressing only the issue of Ms. Lundberg's authority, but only if that amended motion for summary judgment were supported by affidavits and/or other admissible evidence; (4) that, in responding to any amended motion for summary judgment in favor of the IRS on the issue of Ms. Lundberg's authority, Plaintiffs were expected to submit whatever evidence they might have in support of their position; (5) that Plaintiffs' timeliness objection to the IRS's proof of claim was dismissed; and (6) that Plaintiffs were to have 15 days to amend their complaint for the sole purpose of adding the claim that the amount claimed by the IRS for taxes, interest, and penalties is factually inaccurate. In addition, the Court stated in its memorandum decision that it would not entertain any amendments to Plaintiffs' complaint that added new or different legal challenges to the IRS's proof of claim.

On December 24, 1996, Plaintiffs filed an amended complaint, adding to their earlier claims the allegation that the IRS's proof of claim was inaccurate.

On December 26, 1996, the IRS filed an amended motion for summary judgment, asking again for dismissal of Plaintiffs' claim that Barbara Lundberg lacked authority to sign the IRS's proof of claim. The IRS's motion is supported by the affidavit of Gerald W. Carter, chief of the IRS's insolvency unit in Phoenix, Arizona.

On January 8, 1997, the IRS answered Plaintiffs' amended complaint.

On January 21, Plaintiffs responded to the IRS's amended motion for summary judgment, and filed a cross-motion for summary judgment.

On February 11, the IRS filed a supplement to its amended motion for summary judgment.

On February 19, Plaintiffs moved to strike the IRS's supplement to its amended motion for summary judgment, and asked for sanctions.

On February 27, Plaintiffs filed a motion requesting that the Court enter summary judgment against the IRS because of the IRS's failure to respond to the cross-motion for summary judgment that Plaintiffs had filed on January 21.

On March 5, the IRS responded to Plaintiffs' motion to strike the IRS's supplement to its amended motion for summary judgment. On March 6, Plaintiffs moved to strike that response.

Also on March 6, the IRS responded to Plaintiffs' February 27 request that the Court enter summary judgment in Plaintiffs' favor because of the IRS's failure to respond to Plaintiffs' cross-motion for summary judgment.

On March 7, Plaintiffs filed an amended motion to strike the IRS's response to Plaintiffs' earlier motion to strike the IRS's supplement to its amended motion for summary judgment.

Therefore, the following motions currently are pending before this Court:

1. The IRS's amended motion for summary judgment.

2. Plaintiffs' cross-motion for summary judgment.

3. Plaintiffs' motion to strike the IRS's supplement to its motion for summary judgment, and Plaintiffs' accompanying request for sanctions.

4. Plaintiffs' request for the entry of summary judgment against the IRS because of the IRS's failure to respond to Plaintiffs' cross-motion for summary judgment.

5. Plaintiffs' motion to strike the IRS's response to Plaintiffs' motion to strike the IRS's supplement to its motion for summary judgment.

6. Plaintiffs' amended motion to strike the IRS's response to Plaintiffs' motion

to strike the IRS's supplement to its motion for summary judgment.

On March 18, a hearing was held on the IRS's amended motion for summary judgment. The IRS was represented by Robert McIntosh, and Mr. Bozich appeared *in propria persona.* Having considered the arguments of the parties, the state of the record, and the applicable law, the Court is prepared to issue its ruling on each of the motions currently pending in this matter.[2]

## DISCUSSION

### 1. February 19 Motion to Strike/Request for Sanctions

In the first of the three motions to strike now pending in this matter, Plaintiffs argue that the IRS's supplement to its amended motion for summary judgment should be stricken. However, Plaintiffs' motion appears to be based upon a misunderstanding of the process by which the Court reaches its legal conclusions.

In support of its amended motion for summary judgment, the IRS submitted the affidavit of Gerald W. Carter, chief of the IRS's insolvency unit in Phoenix, Arizona. In that affidavit, Mr. Carter testified that Barbara Lundberg did, in fact, have the requisite authority to sign the IRS's proof of claim in Plaintiffs' bankruptcy. As an exhibit to Mr. Carter's affidavit, the IRS attached a photocopy of IRS Delegation Order No. 51, by which the Commissioner of Internal Revenue has delegated the authority to sign proofs of claim in bankruptcy cases to certain classes of IRS personnel. Ms. Lundberg fell within one of those classes.

In their response to the IRS's amended motion for summary judgment, Plaintiffs pointed out that the version of Delegation Order No. 51 which the IRS attached to Mr. Carter's affidavit ("Revision 8") had an effec-

tive date of November 8, 1995—after Ms. Lundberg signed the IRS's proof of claim in Plaintiffs' bankruptcy. The purpose of the IRS's supplement to its amended motion for summary judgment was to provide the Court with the applicable version of Delegation Order No. 51. However, the version of Delegation Order No. 51 that the IRS included with its supplement ("Revision 6", with an effective date of July 20, 1982) is not the version that was in effect at the time Ms. Lundberg signed the IRS's proof of claim; "Revision 7", with an effective date of February 22, 1991,[3] is the version that was in effect at that time. Plaintiffs argue that the IRS is trying to confuse the Court, that it should not be permitted to supplement its amended motion for summary judgment after first submitting the wrong version of Delegation Order No. 51, and that sanctions should be imposed.

█ The problem with Plaintiffs' arguments is that the IRS's initial submission of an inapplicable version of Delegation Order No. 51 has no legal significance in this matter. The IRS's inclusion of a photocopy of that Delegation Order is nothing more than a convenience for the Court—it makes the Court's job of locating the applicable law easier. Even if the IRS had not submitted any version of Delegation Order No. 51, its legal rights would be unaffected. Plaintiffs observed that the version which the IRS did submit was not applicable, they pointed that out to the Court, and the IRS ultimately submitted the applicable version. There is nothing improper about the IRS's actions, and there is no basis either for striking the IRS's supplement to its amended motion for summary judgment, or for imposing sanctions.

### 2. March 6 Motion to Strike

The second pending motion to strike is Plaintiffs' motion to strike the IRS's re-

**2.** This memorandum decision will not address the merits of Plaintiffs' amended complaint, or the IRS's answer thereto, except as follows: (1) the Court will address Plaintiffs' amended complaint to the extent that it reasserts their claim that Barbara Lundberg lacked authority to sign the IRS's proof of claim (which claim is the subject of the IRS's pending amended motion for summary judgment); (2) the Court will dismiss

any portion of Plaintiffs' amended complaint that reasserts claims which already have been dismissed.

**3.** The IRS submitted a copy of "Revision 7" of Delegation Order No. 51 with its response to Plaintiffs' motion to strike the IRS's supplement to its amended motion for summary judgment.

sponse to Plaintiffs' earlier motion to strike the IRS's supplement to its motion for summary judgment. This motion appears to raise three arguments: (1) that the copy of IRS Delegation Order No. 51 that the IRS attached to its response to Plaintiffs' earlier motion to strike is not an authenticated document; (2) that the IRS has provided no evidence to indicate that it took the proper steps to make the delegation of authority provided for in Order No. 51 applicable to Ms. Lundberg; and (3) that the IRS, by filing a response to Plaintiffs' earlier motion to strike, impermissibly filed a pleading in support of its motion for summary judgment that went beyond the original motion and one reply. Again, none of these arguments has merit.

█ Plaintiffs' authenticity argument appears, once again, to be based on a misunderstanding of the purpose behind the IRS's providing the Court with a copy of Delegation Order No. 51. As explained above, it is nothing more than a convenience to the Court to have a party submit a copy of a statute, case, or rule; if the IRS had provided no copy of Delegation Order No. 51, there would be no diminution of its legal rights in this matter. There certainly is no requirement that an "authenticated" copy of Delegation Order No. 51 be provided, and the absence of an authenticated document does not constitute a basis for striking the IRS's response to Plaintiffs' earlier motion to strike.

█ Plaintiffs' second argument in support of this motion to strike is that the IRS has provided no evidence to indicate that it took the proper steps to make the delegation of authority provided for in Order No. 51 applicable to Ms. Lundberg. This argument more properly goes to the merits of the IRS's amended motion for summary judgment than to this motion to strike. Moreover, even if Plaintiffs' assertion about the lack of evidence were taken as true, it would not be a reason to grant Plaintiffs' motion to strike, since it would not affect the propriety of the IRS's response.

█ Plaintiffs' third argument—that the IRS has impermissibly filed pleadings in support of its amended motion for summary judgment that go beyond the original motion and one reply—is baseless. Plaintiffs filed a motion to strike, and the IRS responded. The fact that some of the argument contained within that response might also bolster the IRS's position with respect to its amended motion for summary judgment does not mean that the response should be stricken. Therefore, Plaintiffs' second motion to strike shall be denied.

*3. March 7 Amended Motion to Strike*

On March 7, Plaintiffs filed an amended motion to strike the IRS's response to Plaintiffs' earlier motion to strike the IRS's supplement to its amended motion for summary judgment. Other than the correction of scrivener's errors, this pleading is identical to Plaintiffs' initial motion, and it shall be denied for the same reasons.

*4. February 27 Motion for the Entry of Judgment*

Plaintiffs filed a cross-motion for summary judgment with their response to the IRS's amended motion for summary judgment. The IRS did not file a response to that cross-motion, and now Plaintiffs want the Court to enter judgment in their favor. In support of that request, Plaintiffs cite our local district court rules of practice for the proposition that the Court may view the IRS's failure to respond as consent to the entry of summary judgment in Plaintiffs' favor.

In responding to Plaintiffs' request for the entry of judgment, the IRS argues that no response to Plaintiffs' cross-motion for summary judgment was required because that motion raises new legal arguments, in direct violation of the Court's earlier ruling that any legal arguments that were not raised in Plaintiffs' original complaint would not be entertained. This argument has merit, at least to a certain extent.

█ Plaintiff's cross-motion for summary judgment is difficult to understand. Apparently, Plaintiffs are arguing that there is no genuine dispute (1) that the IRS failed to comply with Rule 3001(c) of the Federal Rules of Bankruptcy Procedure; (2) that the IRS improperly filed liens against Plaintiffs'

property without first exhausting the available administrative remedies; or (3) that Barbara Lundberg never attested to having personal knowledge of Plaintiffs' liability for the taxes that the IRS says it is owed. However, while Plaintiffs raised the latter two of these claims in the administrative case in their "Response to the Internal Revenue Service Objection to Motion to Lift IRS Liens; Motion to Dismiss," they did not raise either of them in their original complaint in this adversary proceeding. Therefore, pursuant to the Court's memorandum decision of December 11, 1996, these two claims shall not be entertained, and it was appropriate for the IRS not to respond to them. However, the same cannot be said with respect to Plaintiffs' first claim.

■ Though it is far from clear, it appears that Plaintiffs' original complaint did raise the claim that the IRS failed to comply with Rule 3001(c) of the Federal Rules of Bankruptcy Procedure in filing its proof of claim. Therefore, it probably would have been better if the IRS had responded at least to that portion of Plaintiffs' cross-motion for summary judgment which addresses this issue.[4] That does not, however, mean that Plaintiffs are entitled to summary judgment in their favor.

■ The clear rule in this circuit is that, irrespective of what local rules might say, summary judgment is appropriate only where the moving party is entitled to judgment as a matter of law, even if the non-moving party has not responded to the movant's motion. *See, U.S. v. Real Property Located at Incline Village*, 47 F.3d 1511, 1519–20 (9th Cir.1995). When Plaintiffs' cross-motion is viewed in light of this rule, it becomes clear that they are not entitled to the entry of summary judgment in their favor, in spite of the IRS's failure to respond to their motion.

■ As discussed above, the only legal theory in Plaintiffs' cross-motion for summary judgment that the Court will entertain is the claim that the IRS failed to comply with Rule 3001(c) of the Federal Rules of

Bankruptcy Procedure when it filed its proof of claim. That rule provides that, "[w]hen a claim ... is based on a writing, the original or a duplicate shall be filed with the proof of claim. . . ." According to Plaintiffs, the IRS did not submit supporting documentation for its claim. However, it is clear that no such documentation is required.

Courts across the country have held that tax claims are based on statute, not on a writing, and that, therefore, such claims do not need to be supported by the documentation required by Rule 3001(c). *See, e.g., Vines v. Internal Revenue Service (In re Vines)*, 200 B.R. 940, 949 (M.D.Fla.1996) (cited with approval in *State Board of Equalization v. Los Angeles International Airport Hotel Associates (In re Los Angeles International Airport Hotel Associates)*, 106 F.3d 1479, 1480 (9th Cir.1997)). Thus, there is no merit to Plaintiffs' legal theory, they are not entitled to judgment as a matter of law, and, in spite of the fact that the IRS did not respond to their motion, there is no basis for entering summary judgment in Plaintiffs' favor.

### 5. Plaintiffs' Cross–Motion for Summary Judgment

As explained in the previous section, Plaintiffs' cross-motion for summary judgment is without legal foundation. Therefore, that motion shall be denied.

### 6. The IRS's Amended Motion for Summary Judgment

■ As noted above, the IRS has filed an amended motion for partial summary judgment, and has supported that motion with the affidavit of Gerald W. Carter, chief of the IRS's insolvency unit in Phoenix, Arizona. Mr. Carter's testimony is that Barbara Lundberg did, in fact, have authority to sign the IRS's proof of claim in Plaintiffs' bankruptcy. In the absence of any controverting evidence, this is a sufficient basis for granting summary judgment in favor of the IRS on this issue.

---

4. In fairness to the IRS, the Court itself did not read the complaint as raising this argument as a

separate claim until Plaintiffs filed their cross-motion for summary judgment.

In response to the IRS's motion, Plaintiffs raise only two arguments. First, Plaintiffs argue that Mr. Carter's affidavit should not be considered because it lacks a notary's jurat. However, 28 U.S.C. § 1746 provides that no such jurat is necessary if an affiant states that his declaration is made under penalty of perjury. In this case, Mr. Carter's affidavit says, "Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct." Therefore, Plaintiffs' first argument is rejected.

Plaintiffs' second argument in response to the IRS's amended motion for summary judgment is that the copy of Delegation Order No. 51 which the IRS submitted with Mr. Carter's affidavit should carry no weight because it is not an authenticated document and because "Revision 8" of that Delegation Order had an effective date of November 8, 1995—after Ms. Lundberg signed the IRS's proof of claim in Plaintiffs' bankruptcy. These claims have been rejected above, and the Court need not address them again here. Therefore, Plaintiffs' second argument is rejected.

Plaintiffs have offered no evidence to controvert Mr. Carter's declaration that Ms. Lundberg was authorized to sign the IRS's proof of claim. Therefore, summary judgment in the IRS's favor on this issue is appropriate.

### RULING

For the foregoing reasons, the Court shall enter partial summary judgment in favor of the IRS on the issue of Barbara Lundberg's authority to sign the proof of claim on behalf of the IRS. In addition, Plaintiffs' cross-motion for summary judgment shall be denied, as shall Plaintiffs' motions to strike and their motion for the entry of judgment. Finally, because they have been dismissed pursuant to earlier rulings by this Court, the following claims in Plaintiffs' amended complaint shall be dismissed: (1) the claim that the IRS was required to have permission from the Attorney General and the Secretary of the Treasury before filing its proof of claim in Plaintiffs' bankruptcy; and (2)

Plaintiffs' timeliness challenge to the IRS's proof of claim.

Nothing in this decision shall prejudice either side's right to file subsequent motions for summary judgment on any as-yet unadjudicated issues in this matter.